# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, THE CHICKASAW NATION, and THE CHOCTAW NATION, | ) ) ) ) |
| Plaintiffs, | ) ) |
| and | ) ) |
| THE CITIZEN POTAWATOMI NATION and THE MUSCOGEE (CREEK) NATION, | ) ) ) |
| Intervenors, | ) ) |
| v. | ) ) |
| J. KEVIN STITT, in his official capacity as Governor of the State of Oklahoma, and *ex rel.* STATE OF OKLAHOMA, | ) ) ) ) |
| Defendants. | ) |

Case No CIV-19-1198-D

## ORDER FOR MEDIATION

Upon review of the case record, and having conducted a pretrial conference under Fed. R. Civ. P. 16(a) with counsel for all parties on February 7, 2020, the Court finds that negotiations within the framework of an early mediation proceeding provide a means for efficient initial case management in this matter. The Court further finds that, to provide favorable conditions for the success of such mediation and to facilitate its timely completion, the following case management order should be issued.

IT IS HEREBY ORDERED:

1) Not later than February 14, 2020, the parties shall submit by written notice sent electronically to the mailbox of the undersigned (degiusti-orders@okwd.uscourts.gov) a list of three proposed mediators for appointment by the Court. Plaintiffs and Intervenors shall work together to select three names to be proposed by them as a group. By that same date, any nonparty who wishes to participate in court-ordered mediation shall file an appropriate motion to intervene in this case.

2) The Court will act quickly after receiving the parties' submissions to appoint a mediator from lists of names submitted by the parties or, if none of the proposed mediators is acceptable to the Court, to request the submission of more names.

3) Within 21 days following the appointment of a mediator, the parties shall submit a joint report to the Court regarding the status of the mediation proceeding. The submission shall be made electronically to the mailbox of the undersigned.

4) The mediation shall be completed or substantially completed not later than March 31, 2020. The Court intends this date to be a firm deadline. If a compelling reason why it cannot be met should arise, the parties shall file a joint motion pursuant to LCvR7.1(h) to extend the deadline.

5) For purposes of the mediation and subject to the Court's oversight, the court-appointed mediator shall possess all powers necessary and proper to facilitate the parties' negotiation of a resolution of the issues implicated by this lawsuit. In the course of the mediation, the mediator may have any communications with any party (singly or collectively) or the Court (including *ex parte* communications) that he or she deems necessary for the proper conduct of the mediation. Any communication that the mediator

has with the Court will relate only to the status and progress of the mediation process and will not relate to substantive issues.

6) Except as modified by this Order, the mediation will be conducted subject to Rule 408, Fed. R. Evid. Any and all communications, both written and oral, with the mediator or between and among the parties that are made in the course of the mediation shall be deemed confidential and inadmissible in any judicial or administrative proceeding for any purpose.

7) Without prior leave of Court, the parties are prohibited from disclosing to any person who is not the mediator, a party, or a party's agent who has been retained for purposes of the mediation, any and all mediation communications, including but not limited to any characterization of the mediation itself or its process or of any party's position, offer, or proposal; provided that, notwithstanding any other provision of this Order, the parties retain their respective rights to (a) fully inform and make recommendations to and within their respective governments concerning this matter, inclusive of the mediation, and (b) consult with State and Federal officials for purposes of successful completion of the mediation.

8) In addition to any and all other prohibitions against disclosure, no party may make any public statement, media release, or other comment for public broadcast regarding the status or conduct of the mediation or the characterization of any party's position therein without prior leave of Court. This provision shall apply only to the mediation and the mediation process and does not prohibit any party or their counsel from making any public

statement, media release, or other comment for public broadcast relating to that party's factual or legal position or any other party's public statement.

9) No provision of this Order limits the right of the parties' legal representatives to discuss any and all matters with their respective clients as necessary for the conduct of the mediation.

10) The mediator's fee and the costs of the mediation shall be divided equally among all parties participating in the mediation.

11) This Order does not relieve any party of its pleading obligations under the Federal Rules of Civil Procedure. All required filings of pleadings shall be made within this usual time, unless otherwise ordered by the Court

IT IS SO ORDERED this 10th day of February, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge