**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

THE CHEROKEE NATION, a federally-recognized Indian tribe, THE CHICKASAW NATION, a federally-recognized Indian tribe, and THE CHOCTAW NATION, a federally-recognized Indian tribe,

Plaintiffs,

THE CITIZEN POTAWATOMI NATION, a federally-recognized Indian tribe, THE MUSKOGEE (CREEK) NATION, a federally recognized Indian tribe, THE QUAPAW NATION, a federally recognized Indian tribe, THE DELAWARE NATION, a federally recognized Indian tribe, THE COMANCHE NATION, a federally recognized Indian tribe, THE PONCA TRIBE OF INDIANS OF OKLAHOMA, a federally Recognized Indian tribe, THE SEMINOLE NATION, a federally recognized Indian tribe, and THE OTOE-MISSOURIA TRIBE, a federally recognized Indian tribe,

Plaintiffs-in-Intervention,

v.

J. Kevin Stitt, in his official capacity as the Governor of the State of Oklahoma,

Defendant.

No. CIV-19-1198-D

**PLAINTIFFS THE CHEROKEE NATION'S, CHICKASAW NATION'S, AND CHOCTAW NATION'S AND PLAINTIFFS-IN-INTERVENTION MUSCOGEE (CREEK) NATION'S AND CITIZEN POTAWATOMI NATION'S BRIEF IN OPPOSITION TO MOTIONS FOR PERMISSIVE INTERVENTION BY THE UNITED KEETOOWAH BAND OF CHEROKEE INDIANS IN OKLAHOMA AND THE KIALEGEE TRIBAL TOWN**

Plaintiffs the Cherokee Nation, the Chickasaw Nation, and the Choctaw Nation, and Plaintiffs-in-Intervention the Muscogee (Creek) Nation and Citizen Potawatomi Nation (collectively, "Plaintiffs") file this combined response to the motions by the United Keetoowah Band of Cherokee Indians in Oklahoma ("UKB") and the Kialegee Tribal Town ("Kialegee") for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). *See* ECF Nos. 56, 59 (collectively, "Motions"). The Motions should be denied because UKB and Kialegee lack justiciable claims that can be brought in this Court, since UKB lacks a valid Compact that would give rise to a cause of action and neither UKB nor Kialegee faces any ongoing violations of federal rights by the Defendant.

**FACTS**

The Plaintiffs and other Plaintiffs-in-Intervention (as well as pending intervenor, *see* ECF No. 55) (collectively, "Plaintiffs and Intervenors"), are Tribes in Oklahoma that operate class III gaming in Oklahoma – or are now completing development of class III gaming projects in Oklahoma slated to open within weeks or months – pursuant to Indian Gaming Regulatory Act ("IGRA") Compacts approved by the Secretary of the Interior ("Secretary"). The Secretary's approval must be obtained for a Compact to be valid. 25 U.S.C. § 2710(d)(3)(B). No tribe can conduct class III gaming unless it is a party to a tribal-state gaming compact approved by the Secretary and that gaming is conducted in conformance with the compact. 25 U.S.C. § 2710(d)(a)(C). Tribal-state compacts are effective when the Secretary publishes notice in the Federal Register that it has been approved. 25 U.S.C. § 2710(d)(3)(b).

Since they have been approved by the Secretary, the Plaintiffs' and Intervenors' Compacts have the force of federal law, *id.* § 2710(d)(2)(C); *accord Citizen Potawatomi Nation v. Oklahoma*, 881 F.3d 1226, 1239 n.17 (10th Cir. 2018) (quoting *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1056 (9th Cir. 1997)), and vest each compacting Tribe with rights protected by federal law, including the right to automatic renewal that is expressly set forth in Compact Part 15.B, which is central to the dispute between the parties.

UKB and Kialegee are critically differently positioned from the Plaintiffs and Intervenors. UKB has not entered into a compact that has been approved by the Secretary. *See* ECF No. 56 ¶ 1. Kialegee alleges both that it has entered a compact approved by the Secretary and that it has entered into a compact that has not been approved. *See* ECF No. 59-1 ¶¶ 3, 12, at 2, 3. Furthermore, neither UKB nor Kialegee conducts class III gaming, as admitted in their Motions and proposed Complaints, *see* ECF No. 56 ¶ 3, at 2; ECF No. 56-1 ¶ 11, at 3; ECF No. 59-1 ¶ 11, at 3, and are not developing any gaming projects.

UKB and Kialegee's interests in this litigation are also starkly different from those of the Plaintiffs and Intervenors. Both UKB and Kialegee have signed the "extensions" that the Defendant purported to offer to gaming tribes on or about December 18, 2019. *See* ECF No. 38, ¶¶ 48-49, at 16; Sheri Gourd, *UKB Signs Gaming Extension with State*, Tahlequah Daily Press (Jan. 2, 2020), https://www.tahlequahdailypress.com/news/ukb-signs-gaming-extension-with-state/article_ceb99330-0c94-5bd4-b863-aad615bd8c5a.html. After UKB and Kialegee signed the purported "extension," the Defendant stated "I appreciate the honesty and boldness of the Kialegee Tribal Town and

the United Keetoowah Band of Cherokee Indians, who recognize the Jan. 1, 2020 expiration in the Model Gaming Compact and have signed on to the eight-month extension generously offered by the state . . . . These extensions will enable the parties to negotiate a compact that better accounts for the differing needs of tribes throughout the state and the state's interests in preserving the substantial exclusivity without a cloud of legal uncertainty." Randy Ellis, *Tribes Sue Gov. Stitt Over Renewal of Gaming Compacts*, Oklahoman (Jan. 1, 2020), https://oklahoman.com/article/5651214/tribes-sue-gov-keven-stitt-over-renewal-of-gaming-compacts.

## STANDARD OF REVIEW

Permissive intervention may be permissible where a party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Additionally, a party is only entitled to permissively intervene where "the district court possess[es] independent jurisdiction over the intervenor's claim." *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 673 (10th Cir. 2006) (citing, *inter alia*, *United States v. Martin*, 267 F.2d 764 (10th Cir. 1959)).

## ARGUMENT

Neither UKB nor Kialegee has a cognizable claim in this case, so the Court lacks independent jurisdiction over UKB and Kialegee's complaints and their motions for permissive intervention should be denied.

The Plaintiffs have sought a declaratory judgment of the legal effect of the "shall automatically renew" clause of Part 15.B. of the Compact that the State of Oklahoma ("State") offered to federally recognized Indian Tribes in 2004 and that Plaintiffs and

Intervenors accepted. The Court's jurisdiction in this case arises from 28 U.S.C. §§ 1331 and 1362, because the Plaintiffs' and Intervenors' rights arise under their Compact and IGRA, and *Ex Parte Young*, 209 U.S. 123 (1908), which provides an exception to state sovereign immunity for claims for prospective relief against the actions of a state official who is violating the Plaintiffs' and Intervenors' rights held under federal law.

Unlike the Plaintiffs and Intervenors, UKB has not entered into a compact that has been approved by the Secretary. UKB Mot. ¶ 1, at 2, ECF No. 56, at 2. UKB thus has no federal law rights at issue here and has no claim over which the Court can exercise jurisdiction. It is unclear from the allegations of its proposed complaint whether Kialegee has entered into a valid compact, but its Complaint indicates it has not.

Even if both UKB and Kialegee had entered into valid compacts, their rights are not currently being violated by the Governor and therefore the narrow doctrine of *Ex Parte Young* does not apply. *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, (10th Cir. 1998) (*Ex Parte Young* is a "narrow" exception only available to enjoin an "ongoing violation of federal law"). After the Governor signed the purported "extension" agreement with UKB and Kialegee, he affirmatively disclaimed any intent to interfere with any rights they may hold to engage in gaming. His public statements show that he is excluding them from his claims that have cast a cloud of uncertainty over class III gaming in Oklahoma. *See* Ellis, *Tribes Sue Gov. Kevin Stitt Over Renewal of Gaming Compacts*. Indeed, neither UKB nor Kialegee actually argue the Governor is violating their rights. And, tellingly, neither UKB nor Kialegee actually request any specific relief against the Governor, or any relief that would resolve the status of their rights at all. They request only that the Court

issue a declaration: stating that they are tribes that may game under IGRA; restating the Compact's terms; acknowledging a dispute exists; and acknowledging the dispute must be resolved before they can conduct IGRA gaming. *See* ECF No. 56-1, ¶ 17, at 4-5; ECF No. 59-1, ¶ 17, at 4-5.

Finally, because UKB and Kialegee do not conduct gaming pursuant to an IGRA Compact and are not developing any projects to engage in gaming that rely on a Compact for financing or development. Therefore, the Governor's actions, even if they did apply to UKB and Kialegee, have not affected them in any way.

Neither UKB nor Kialegee have a valid claim over which this Court has jurisdiction that would justify intervention. Therefore, the Plaintiffs respectfully request that neither tribe be permitted to intervene in this matter.

Dated: February 18, 2020

By: */s/ Robert H. Henry*
Robert H. Henry, OBA No. 4111
512 N. Broadway, Suite 230
Oklahoma City, OK 73102
Lead Counsel for the Cherokee, Chickasaw and Choctaw Nations
Phone no.: 405-516-7824
Fax no.: 405-516-7859
E-mail: rh@rhhenrylaw.com

*Additional Counsel On Next Page*

Frank S. Holleman, *pro hac vice*
Douglas B. L. Endreson
Sonosky, Chambers, Sachse,
Endreson & Perry, LLP
1425 K. Street, NW Suite 600
Washington DC 20005
Counsel for the Cherokee, Chickasaw and Choctaw Nations
Phone no.: 202-682-0240
Fax no.: 202-682-0249
E-mail: fholleman@sonosky.com
dendreson@sonosky.com

Sara Hill, OBA No. 20072
P.O. Box 1533
Tahlequah, OK 74465
Counsel for Cherokee Nation
Phone no.: 918-207-3836
Fax no.: 918-458-6142
E-mail: sara-hill@cherokee.org

Stephen Greetham, OBA No. 21510
4001 N. Lincoln Blvd
Oklahoma City, OK 73105
Counsel for Chickasaw Nation
Phone no. 580-272-5236
E-mail: stephen.greetham@chickasaw.net

Bradley Mallett, OBA No. 15810
P.O. Box 1210
Durant, OK 74702
Counsel for Choctaw Nation
Phone no.: 580-380-3024
E-mail: bmallett@choctawnation.com

*Additional Counsel On Next Page*

Roger Wiley, OBA No. 11568
Kyle B. Haskins, OBA No. 12694
P.O Box 580
Okmulgee, OK 74447
Counsel for Muscogee (Creek) Nation
Phone no.: 918-295-9720
E-mail: rwiley@mcnag.com
khaskins@mcnag.com

Gregory Quinlan, NM No. 4450
Colo. No. 21605
George Wright, OBA No. 21873
1601 Gordon Copper Drive
Shawnee, OK 74801
Counsel for Citizen Potawatomi Nation
Phone no.: 405-275-3121
E-mail: George.wright@potawatomi.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February 2020, I electronically filed the foregoing document with the Clerk of Court using the ECF System which will transmit notification of the electronic filing to the parties entitled to receive such notice.

*/s/ Frank S. Holleman*
Frank S. Holleman