## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

THE CHEROKEE NATION,          )
THE CHICKASAW NATION, and   )
THE CHOCTAW NATION,         )
                              )
      Plaintiffs,             )
                              )
and                            )
                              )
THE CITIZEN POTAWATOMI NATION, )
THE MUSCOGEE (CREEK) NATION,  )
THE QUAPAW NATION,         )
THE DELAWARE NATION,        )
THE COMANCHE NATION,        )
THE PONCA TRIBE OF INDIANS OF  )
OKLAHOMA,                 )
THE SEMINOLE NATION,        )
THE OTOE-MISSOURIA TRIBE, and  )
THE WICHITA AND AFFILIATED TRIBES, )
                              )
      Plaintiffs/Intervenors,    )
                              )
vs.                            )    Case No. CIV-19-1198-D
                              )
J. KEVIN STITT, in his official capacity as )
the Governor of the State of Oklahoma, and )
*ex rel.* STATE OF OKLAHOMA, as the real )
party in interest,             )
                              )
      Defendants/Counterclaimants.  )

## JOINT MOTION FOR LEAVE OF COURT
## TO FILE STIPULATIONS OF DISMISSALS WITH PREJUDICE

**COMES NOW** Plaintiff/Intervenor The Comanche Nation (the "Comanche"),

Plaintiff/Intervenor The Otoe-Missouria Tribe (the "Otoe-Missouria"), and Defendant J.

Kevin Stitt, in his official capacity as the Governor of the State of Oklahoma and *ex rel.*

State of Oklahoma, as the real party in interest (the "State"), collectively the "Movants,"

and hereby move for leave of Court to file Joint Stipulations of Dismissals with Prejudice, attached hereto as *Exhibit 1* and *Exhibit 2*, pursuant to Rule 41(a)(2), Fed. R. Civ. P.  In support, the Movants state:

## FACTS

1.      The Comanche and the State have reached a settlement resolving all claims and counterclaims currently pending in the above-captioned matter.  The exchange of dismissals with prejudice is a term of settlement between the Comanche and the State. Attached hereto *Exhibit 1* as is a Joint Stipulation of Dismissal with Prejudice, providing that the Comanche is dismissing its claims against the State with prejudice and the State is dismissing its counterclaims against the Comanche with prejudice.  The Comanche and the State jointly move for leave of Court to file the Joint Stipulation of Dismissal with Prejudice.

2.      The Otoe-Missouria and the State have reached a settlement resolving all claims and counterclaims currently pending in the above-captioned matter.  The exchange of dismissals with prejudice is a term of settlement between the Otoe-Missouria and the State.  Attached hereto as *Exhibit 2* is a Joint Stipulation of Dismissal with Prejudice, providing that the Otoe-Missouria is dismissing its claims against the State with prejudice and the State is dismissing its counterclaims against the Otoe-Missouria with prejudice. The Otoe-Missouria and the State jointly move for leave of Court to file the Joint Stipulation of Dismissal with Prejudice.

## ARGUMENTS & AUTHORITIES

Rule 41(a)(2), Fed. R. Civ. P., provides in pertinent part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Rulings on motions made pursuant to Rule 41(a)(2) are reviewed for abuse of discretion. *Phillips USA v. Allflex USA*, 77 F.3d 354, 357 (10th Cir. 1996). "A court abuses its discretion if it renders a decision that is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *Id*. (citing *U.S. v. Robinson*, 39 F.3d 1115, 1116 (10th Cir. 1994)).

The purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly prejudice the other side, and to permit the imposition of curative conditions." *Id*. (citing 9 C. Wright and A. Miller, *Federal Practice and Procedure* 2364 at 279 (2d ed. 1994)); *see also Tycom Corp. v. Redactron Corp.*, 1977 U.S. Dist. LEXIS 14438 at *4, 25 Fed. R. Serv. 2d (Callaghan) 1082 (where the voluntary dismissal does not "finally determine the suit as between all of the parties, the prevailing view is that the rule requires a consideration of the interests of all parties, including parties who are not seeking dismissal.") (citations omitted).

A district court should weigh the following factors to ascertain whether an opposing party might suffer prejudice because of the dismissal: "the opposing party's effort and expense in preparing for trial," "excessive delay and lack of diligence on the part of the movant," and where there has been an "insufficient explanation of the need for

dismissal." *Phillips USA*, 77 F.3d at 358 (citing *Clark v. Tansy*, 13 F.3d 1407, 1411-12 (10th Cir. 1993)).   In addition, a district court may consider "the present stage of litigation."   *Id.* (citing *U.S. v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986)).   Because each of these factors weighs in favor of the Movants, the motion should be granted.

Opposing Parties' Effort and Expense Preparing for Trial.   Any effort exerted or expense incurred by other Parties to the above-captioned litigation is not sufficiently prejudicial to warrant denying this motion.   The case is in its infancy.   Beyond the Court-ordered mediation and initial pleadings (*i.e.*, complaints, motions to intervene, and associated answers), nothing substantive has occurred. *See* Dkt. No. 31 (Order for Mediation dated 2/10/2020); *see also Estate of Norman v. Lavern*, 2018 U.S. Dist. LEXIS 39613 (W.D.Okla., March 12, 2018) (because motion for voluntary dismissal was made prior to the filing of dispositive and pretrial motions, district court granted the motion even though the case had been on file for approximately three and half years).   Moreover, the other Parties financially benefited from the Comanche and Otoe-Missouria's participation in the mediation because it reduced their pro rata share of the associated costs.   *See* Dkt. No. 61 (amending Order for Mediation by setting forth cost-sharing allocation of mediation).   For these reasons, this factor weighs in favor of the Movants.

Excessive Delay/Lack of Diligence.   The Movants achieved settlements through the mediation ordered by the Court within the prescribed timeframe.   By settling within the prescribed timeframe, the Movants neither caused delay to this case nor demonstrated a lack of diligence. *See Scott v. Province*, 2010 U.S. Dist. LEXIS 124794 (W.D.Okla.,

Nov. 24, 2010) (denying motion for voluntary dismissal pursuant to Rule 41(a)(2) in habeas corpus case where petitioner filed motion seven months after commencement of the case, after the parties had fully briefed substantive issues, and after the magistrate judge filed a "lengthy" Report and Recommendation on the merits of the case). Accordingly, this factor weighs in favor of the Movants.

Insufficient Explanation.  The Movants achieved what the Court directed them to achieve: settlements.  Oklahoma public policy favors the settlement of lawsuits.  See St. Louis & S.F. R.R. v. Chester, 1914 OK 45, ¶ 7, 138 P. 150, 151 ("*The law and the public policy of all civilized countries, so far as we have observed, favors settlements and compromises*, entered into fairly and in good faith between competent persons, as a discouragement to litigation.") (emphasis added).  Even in instances where the voluntary dismissal may result in subsequent litigation, courts have "generally followed the traditional principle that dismissal should be allowed unless the defendant, or another party, will suffer some legal prejudice other than the mere prospect of a second lawsuit." *Tycom Corp.*, 1977 U.S. Dist. LEXIS at. **6-7 (citing *In re Int'l Airport Inn Partnership*, 517 F.2d 510, 512 (9th Cir. 1975); *Western Electric Corp. v. United Electrical Radio & Machine Workers of America*, 194 F.2d 770, 771 (3rd Cir. 1952)).  Accordingly, this factor weighs in favor of the Movants.

Present Stage of Litigation.  A scheduling order has not been entered by the Court, no briefs have been filed by the Parties, and the Parties have not engaged in any discovery.  Rather, the Parties, including the Movants, have been participating in Court-

ordered mediation, which served as the catalyst for the settlements described herein. Accordingly, this final factor weighs in favor of the Movants.

Based upon the foregoing, the Motion should be granted by the Court.

**WHEREFORE**, above premises considered, Plaintiff/Intervenor The Comanche Nation, Plaintiff/Intervenor The Otoe-Missouria Tribe, and Defendant J. Kevin Stitt, in his official capacity as the Governor of the State of Oklahoma and *ex rel.* State of Oklahoma, as the real party in interest, pray for leave of Court to file Joint Stipulations of Dismissals with Prejudice, which are attached hereto as *Exhibit 1* and *Exhibit 2*; and for any and all further relief deemed just and equitable by the Court.

Respectfully submitted by:

*/s/Robert Rosette*_____
Robert Rosette
Brett Stavin
**ROSETTE, LLP**
4111 Perimeter Center Pl.
Oklahoma City, OK 73112
Telephone: (405) 256-1910
rosette@rosettelaw.com
bstavin@rosettelaw.com

*/s/Stuart D. Campbell*_____
Stuart D. Campbell, OBA #11246
**DOERNER, SAUNDERS, DANIEL & ANDERSON, LLP**
700 Williams Center Tower II
Two West Second St.
Tulsa, Oklahoma 74103-3522
Telephone 918-591-5242
Facsimile 918-925-5242
scampbell@dsda.com

**ATTORNEYS FOR PLAINTIFF/INTERVENORS THE COMANCHE NATION AND THE OTOE-MISSOURIA TRIBE**

*-and-*

s/Matthew K. Felty_____
Steven K. Mullins, OBA No. 6504
Matthew K. Felty, OBA No. 31057
**LYTLE, SOULÉ & FELTY, P.C.**
1200 Robinson Renaissance
119 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone:  (405) 235-7471
Facsimile:  (405) 232-3852
mullins@lytlesoule.com
mkfelty@lytlesoule.com

Phillip G. Whaley, OBA No. 13371
Daniel G. Webber, Jr., OBA No. 16332
Patrick R. Pearce, Jr., OBA No. 18802
Matthew C. Kane, OBA No. 19502
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, OK  73104
Telephone:  (405) 239-6040
Facsimile:  (405) 239-6766
pwhaley@ryanwhaley.com
dwebber@ryanwhaley.com
rpearce@ryanwhaley.com
mkane@ryanwhaley.com

Mark E. Burget, OBA No. 1326
Jeffrey C. Cartmell, OBA No. 31012
State of Oklahoma, Office of the Governor
2300 N. Lincoln Blvd., Ste. 212
Oklahoma City, OK 73105
mark.burget@gov.ok.gov
jefrrey.cartmell@gov.ok.gov.

**ATTORNEYS FOR J. KEVIN STITT, AS GOVERNOR OF THE STATE OF OKLAHOMA, AND *EX REL.* THE STATE OF OKLAHOMA**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 21, 2020, I electronically transmitted the attached document to the Clerk of Court using the Electronic Filing System for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.


*s/Matthew K. Felty*_____
Matthew K. Felty