## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE CHEROKEE NATION, *et al.*, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE CITIZEN POTAWATOMI NATION, *et al.*, | ) | |
| | ) | |
|     Plaintiffs/Intervenors, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-19-1198-D |
| | ) | |
| J. KEVIN STITT, in his official capacity as the Governor of the State of Oklahoma, and *ex rel.* STATE OF OKLAHOMA, as the real party in interest, | ) ) ) ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Clarify Parties' Authority to Comply with Court's Mediation Order [Doc. No. 131].  Plaintiffs and Intervenors have responded in opposition to the Motion.  *See* Pls./Intervenors' Resp. Br. [Doc. No. 138]; Intervenor Wichita & Affiliated Tribes' Resp. Br. [Doc. No. 139].  For the following reasons, the Court finds that the Motion should be DENIED.

Defendant J. Kevin Stitt, in his official capacity as the Governor of the State of Oklahoma and *ex rel.* State of Oklahoma as the real party in interest, asks the Court to issue a declaratory ruling regarding Governor Stitt's authority to engage in negotiations with

Native American tribes and to make tribal gaming compacts.[1]  Defendant characterizes the question as falling within the Court's ancillary jurisdiction to enforce the Order for Mediation [Doc. No. 31] that was issued as a matter of effective case management under Fed. R. Civ. P. 16.  The Court rejects this characterization.

The pleadings in this case present for decision under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, the proper interpretation and application of a provision of the parties' compacts made under the State-Tribal Gaming Act, Okla. Stat. tit. 3A, §§ 261-282, as allowed under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701‐2721. Specifically, Plaintiffs/Intervenors and Defendant disagree whether the compacts automatically renewed on January 1, 2020, or terminated on December 31, 2019, under Part 15.B. of the Model Tribal Gaming Compact.  *See id.* § 281.  Although the parameters of the Court's ultimate determination may not be precisely so confined, the central and pivotal issue presented by Plaintiffs' Complaint [Doc. No. 1], Intervenors' Complaints [Doc. Nos. 29, 30, 62, 68, 74 & 103], and Defendant's Counterclaims [Doc. Nos. 15, 87, 88, 98, 105, 107 & 109] is the automatic renewal, or termination, of the compacts.  The

---

[1]  As in his pleadings, Governor Stitt files the Motion on behalf of "Oklahoma," defined as himself and the State of Oklahoma collectively.  Plaintiffs filed this action against Governor Stitt under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), in anticipation of a possible Eleventh Amendment immunity defense.  *See* Compl. [Doc. No. 1] ¶ 8.  In his Answer, Governor Stitt answered and asserted counterclaims for himself and the State of Oklahoma (as "Defendants" plural), and the State "ratif[ied] or join[ed] the action" and asserted a counterclaim.  *See* Answer [Doc. No. 15] ¶ 5.  Because the State consented to being sued and waived immunity, Governor Stitt and the State may be treated as one entity for litigation purposes.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010).  Thus, the Court refers in this Order to a single Defendant.

Court is not called to decide, and will not decide, the effectiveness of any other agreement or compact that may have been made outside the structure of the State-Tribal Gaming Act.

Following an initial conference held February 7, 2020, pursuant to Fed. R. Civ. P. 16(a), the Court found that an early mediation proceeding provided an efficient case management tool and, accordingly, entered the Order for Mediation to provide a structure and timeline for completing it. The court-appointed mediator was empowered "to facilitate the parties' negotiation of a resolution of the issues implicated by this lawsuit." *See* Order for Mediation, ¶ 5. In appointing the mediator, the Court further provided that "[t]he mediation shall encompass all subjects necessary to resolve this lawsuit and any additional subjects that the parties agree to address within the framework provided by the Order for Mediation." *See* Order Appointing Mediator [Doc. No. 50]. The Court thus clarified that the parties were permitted to address additional matters by agreement, but they were not ordered to expand the mediation beyond the issues presented in this case.

The Court therefore rejects Defendant's position in the Motion that Governor Stitt must receive direction from the undersigned in order to complete the mediation. The Court did not direct the Governor or the State to participate in the mediation proceeding in any particular way. Nor did the Court direct Governor Stitt to participate in the mediation with "full settlement" authority, as argued in the Motion. Any question that has arisen regarding the extent of Governor Stitt's authority with respect to tribal gaming or gaming compacts, the powers granted to him by state law, or the balance of powers within the State's internal government structure is not a matter for decision in this case. Further, in the Court's view, it would be inappropriate for a federal court to interfere in the resolution of such a sensitive

state-law matter, which implicates important concerns of sovereignty and comity that underlie many federal abstention doctrines.[2]

IT IS THEREFORE ORDERED that Defendant's Motion to Clarify Parties' Authority to Comply with Court's Mediation Order [Doc. No. 131] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Hold Mediation in Abeyance Pending Resolution of Motion to Clarify [Doc. No. 132], Motion for Leave to File Reply Brief in Support of Motion to Clarify [Doc. No. 143], and Motion for Leave to File Response to Application to Assume Original Jurisdiction to Be Filed in the Oklahoma Supreme Court in This Court's Record [Doc. No. 144] are DENIED as moot.

IT IS SO ORDERED this 15th day of June, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] To the extent Governor Stitt needs a judicial resolution of the issues discussed in the Motion, they are currently being offered to the Oklahoma Supreme Court for decision by an application to assume original jurisdiction filed by state legislative leaders. *See Treat v. Stitt*, No. 118829, Appl. (Okla. June 4, 2020).