**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| THE CHEROKEE NATION, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE CITIZEN POTAWATOMI NATION, | ) | |
| *et al.*, | ) | |
| | ) | Case No. CIV-19-1198-D |
| Plaintiffs-Intervenors, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| J. KEVIN STITT, in his official capacity as | ) | |
| the Governor of the State of Oklahoma, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Plaintiffs' and Intervenors' Motion for Final Judgment on Renewal Claims [Doc. No. 154], filed pursuant to Fed. R. Civ. P. 54(b).[1]  Defendant has responded [Doc. No. 155] in support of the Motion.  Upon consideration, the Court finds that the Motion should be granted.

The Motion seeks an order certifying for immediate appeal the Court's Order of July 28, 2020 [Doc. No. 149] (the "July 28 Order"), which granted summary judgment to Plaintiffs and Plaintiffs-Intervenors (the "Tribes") on all claims and counterclaims related

---

[1]   The Motion is a filed jointly by Plaintiffs Cherokee Nation, Chickasaw Nation, and Choctaw Nation and Plaintiffs-Intervenors Citizen Potawatomi Nation, Delaware Nation, Muscogee (Creek) Nation, Quapaw Nation, and Wichita and Affiliated Tribes. Plaintiff-Intervenor Seminole Nation of Oklahoma has neither joined in the Motion nor filed a timely response.

to renewal of their State-Tribal Gaming Compacts. Specifically, the Motion asks the Court to determine that there is no just reason for delay, and to direct the entry of a final judgment on all claims resolved by the July 28 Order.[2]

The Tenth Circuit has held that certification under Rule 54(b) "is appropriate only when the district court adheres strictly to the rule's requirement that a court make two express determinations." *Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (emphasis omitted) (internal quotation omitted). "First, the district court must determine that its judgment is final." *Id*. (citing *Curtiss-Wright Corp. v. General Elec. Co*., 446 U.S. 1, 7 (1980)). "Second, the district court must determine that no just reason for delay of entry of its judgment exists." *Id*. "Factors the district court should consider are 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Id*. (quoting *Curtiss-Wright*, 446 U.S. at 8); *accord New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016).

Under the circumstances here, the Court easily finds that both prerequisites of Rule 54(b) certification are met. The July 28 Order resolved a discrete issue of whether

---

[2] The parties have previously filed Notices [Doc. Nos. 150, 151, 152] informing the Court that the July 28 Order resolved all claims, except the following claims of Plaintiff-Intervenor Wichita and Affiliated Tribes ("Wichita Tribe") and related counterclaims: Counts XIII and XIV of the Wichita Tribe's First Amended Complaint [Doc. No. 103] at 53-56, ¶¶ 201-210; Defendant's counterclaim that the Wichita Tribe "breached the Wichita Gaming Compact . . . by failing to remit all substantial exclusivity fees owed to the State pursuant to Part 11.A. of the Wichita Gaming Compact" (Def.'s Counterclaims [Doc. No. 109] at 54, ¶ 54 and 57, ¶ 70); and any related requests for attorney's fees and costs (First Am. Compl. at 58, ¶ 3; Counterclaims at 58, ¶ 76).

the Compacts between the Tribes and the State of Oklahoma automatically renewed or expired on January 1, 2020.   The issue required a legal interpretation of Part 15(B) of the Compacts, which are identical because they were made using the Model Tribal Gaming Compact provided by statute, Okla. Stat. tit. 3A, § 281.  The Court determined that the Tribes' "Compacts with the State of Oklahoma automatically renewed for an additional 15-year term on January 1, 2020, by operation of the unambiguous terms of Part 15(B)." *See* July 28 Order at 9.  No further issue remains to be decided before entry of a declaratory judgment to that effect, as sought by each of the Tribes' Complaints.  The entry of this judgment would necessarily resolve Defendant's Counterclaims seeking a determination that the Compacts expired on January 1, 2020, but would affect no other claims.

In addition to finality, the Court finds there is no just reason for delay.  The only remaining issues concern additional, distinct claims and counterclaims between the Wichita Tribe and Defendant.  *See supra* note 2.  For reasons fully set forth in the Motion, the declaratory judgment claims resolved by the July 28 Order are separable from the remaining claims, and appellate review of the Court's determination can occur without any likelihood that an appellate court would need to decide the same issues again, even if there are subsequent appeals.   Further, a prompt adjudication of the renewal issue is critically important to both the Tribes and the State, and its resolution promotes federal interests under the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-21.  Allowing the parties to obtain immediate appellate review and final disposition of their renewal claims and counterclaims serves the public interest.

IT IS THEREFORE ORDERED that Plaintiffs Cherokee Nation, Chickasaw Nation, and Choctaw Nation, and Plaintiffs-in-Intervention Citizen Potawatomi Nation, Delaware Nation, Muscogee (Creek) Nation, Quapaw Nation, and Wichita and Affiliated Tribes' Motion for Final Judgment on Renewal Claims [Doc. No. 154] is GRANTED. The Clerk is directed to enter a final judgment on all claims and counterclaims resolved by the Order of July 28, 2020 [Doc. No. 149], as set forth herein.

IT IS SO ORDERED this 23rd day of September, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge