IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) THE CHEROKEE NATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> (1) J. KEVIN STITT, <br><br> Defendant. | No. CIV-19-1198-D |

## WICHITA TRIBE'S MOTION FOR EXTENSION

The Wichita and Affiliated Tribes ("Wichita Tribe") moves, under Federal Rule of Civil Procedure ("Rule") 6(b), for an order extending the time to file for attorney's fees under Rule 54(d)(2). Defendant does not concede that the Wichita Tribe is entitled to attorney's fees, but does not object to the requested extension.

Ordinarily, under Rule 54(d)(2) a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Entry of final judgment typically occurs once a federal court adjudicates "all the claims or the rights and liabilities of … all the parties." *See* Rule 54(b) (court may only direct entry of final judgment to fewer than all of the claims if there is no just reason for delay); *see also Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) ("Rule 54(b) entries are not to be made routinely.").

Here, the Court has entered final judgment as to some of the claims in the case, but other issues raised only by and against the Wichita Tribe remain to be decided. On September 23, 2020, the Court granted the Plaintiffs' and Intervenors' (including the Wichita Tribe) Rule 54(b) motion and entered final judgment only on the issue of the

Compact's renewal.  Docs. 156 and 157.  The Court recognized that claims remained between the Wichita Tribe and Defendant J. Kevin Stitt.  Doc. 157 (entering judgment in favor of the Wichita Tribe except as to Counts XIII and XIV and Defendant's counterclaim).

Without the extension requested herein, the Wichita Tribe would be required to file a motion for attorney's fees on October 7, 2020—prior to the resolution of its remaining claims, claims which the Wichita Tribe may ultimately be entitled to move for attorney's fees.  The Wichita Tribe, therefore, requests an order extending the time to file a motion for attorney's fees to a date not later than 14 days after final judgment is rendered on the remaining claims, thereby disposing of all claims in this case between the Wichita Tribe and the Defendant.  The Wichita Tribe has not previously requested an extension of time related to this deadline.

The Court may, for good cause, extend the time to file a request for attorney's fees under Rule 6(b), which provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.[1]

Rule 6(b) "should be liberally construed" "to secure the just, speedy, and inexpensive determination of every action and proceeding."  *See Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (quoting Rule 1).  Rule 6(b) requests should normally be granted when

---

[1] Additionally, Local Civil Rule 7.1(h) specifies six items a motion for extension of time must provide, which are included in this motion.

"made before the deadline, in the absence of bad faith by the requesting party or prejudice to another party." *See id.* (citing 4B Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1165, at 605–08 (2015)).

Here, it is not immediately clear whether a party must file a motion for attorney's fees when final judgment has been entered as to some, but not all, of the party's claims. Practically, it makes sense for attorney's fees to be requested once all of the party's claims have been resolved. Otherwise, "there may be additional motions for attorney's fees in th[e] case and addressing fees requests in a piecemeal fashion would unnecessarily burden both the court and the parties with potentially repeated analysis of overlapping issues." *PTP OneClick, LLC v. Avalara, Inc.*, 2019 WL 6213167 at *5, n.2 (W.D. Wash. Nov. 21, 2019) (slip copy) (concluding good cause would exist). Moreover, an extension would provide certainty as to the timing of a motion for attorney's fees if one is to be filed.

No scheduling order is currently in place. If granted, the requested extension would not impact any other deadlines.

Consistent with LCvR 7.1(k), the Wichita Tribe contacted Defendant's counsel to inquire whether Defendant consents or object so the requested extension. Opposing counsel advised that although Defendant does not concede that the Wichita Tribe is entitled to attorney fees, Defendant does not object to the requested extension.

### **RELIEF REQUESTED**

WHEREFORE, premises considered, the Wichita Tribe requests an order extending the time to file a motion for attorney's fees, as to all claims, to no later than 14 days after the entry of final judgment on the remaining claims in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| October 7, 2020 | HOBBS, STRAUS, DEAN & WALKER, LLP |

By: */s/ Michael D. McMahan*
William R. Norman, OBA No. 14919
*wnorman@hobbsstraus.com*
Kirke Kickingbird, OBA No. 5003
*kkickingbird@hobbsstraus.com*
Michael D. McMahan, OBA No. 17317
*mmcmahan@hobbsstraus.com*
W. Gregory Guedel, OBA No. 33317
*gguedel@hobbsstraus.com*
Zachary T. Stuart, OBA No. 32517
*zstuart@hobbsstraus.com*

101 Park Avenue, Suite 700
Oklahoma City, Oklahoma 73102
(405) 602-9425
(405) 602-9426 fax

ATTORNEYS FOR INTERVENOR-PLAINTIFF
WICHITA AND AFFILIATED TRIBES

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2020, a true and correct copy of the above and foregoing with exhibits (if applicable) was served on the following via the Court's ECF system:

**Attorneys for Defendant**
Daniel Webber, Jr.
dwebber@ryanwhaley.com

Jeffrey Cartmell
jeffrey.cartmell@gov.ok.gov

Mark Burget
mark.burget@gov.ok.gov

Matthew Felty
mkfelty@lytlesoule.com

Matthew Kane
mkane@ryanwhaley.com

Patrick Pearce, Jr.
rpearce@ryanwhaley.com

Phillip Whaley
Pwhaley@ryanwhaley.com

Steven Mullins
mullins@lytlesoule.com

                                              */s/ Michael D. McMahan*
                                              Michael D. McMahan