IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| and | ) |
| | ) |
| THE CITIZEN POTAWATOMI NATION, *et al.*, | ) |
| | ) Case No. CIV-19-1198-D |
| Plaintiffs/Intervenors, | ) |
| | ) |
| vs. | ) |
| | ) |
| J. KEVIN STITT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:         Thursday, January 7, 2021

Appearing for Plaintiff:    William R. Norman, Jr.
                            Michael D. McMahan
                            Hobbs, Straus, Dean & Walker, LLP
                            101 Park Avenue, Suite 700
                            Oklahoma City, OK 73102

Appearing for Defendants: Phillip G. Whaley; Matthew C. Kane

**Jury Trial Demanded ☒ - Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    **Wichita Tribe**
    Plaintiff, the Wichita and Affiliated Tribes ("Wichita Tribe"), and the State of Oklahoma are parties to a tribal-state gaming compact, entered into pursuant to the

Indian Gaming Regulatory Act[1] and the State-Tribal Gaming Act[2] ("Compact"). Previously in this case, the Court issued its judgment declaring that the Compact "automatically renewed for an additional 15-year term on January 1, 2020."[3]

Of the plaintiff tribes, the Wichita Tribe is the only plaintiff with claims remaining. The overarching issues of the Wichita Tribe's claims are whether the State violated certain Compact provisions dealing with (1) the Wichita Tribe's exclusivity in exchange for payments to the State under Part 11.A, (2) violation of exclusivity and resulting liquidated damages under Part 11.E., and (3) the State's failure to defend the validity of the Compact under Part 13.B. The claims are mostly, if not entirely, legal in nature and are unlikely to require extensive discovery. For these reasons, a trial should also be unnecessary.

Regarding these claims, the Wichita Tribe's position is as follows:

(1) The State failed to defend the validity of the Compact, as required under Part 13.B. of the Compact, by, at a minimum, contesting the unambiguous renewal provision of Part 15.B.[4]

(2) The Wichita Tribe is not required to pay the State the exclusivity fees under Part 11.A of the Compact because the State violated that provision by changing its laws to permit additional electronic or machine gaming, through, for example, Oklahoma House Bill 3538 (2018), which allowed "Internet gambling" to be conducted via computers and mobile devices. The Wichita Tribe is also entitled to reimbursement of fees paid since the State's violation of Part 11.A.

(3) A permanent injunction should issue prohibiting the State from permitting electronic or machine gaming in violation of Part 11.A.

(4) The Wichita Tribe is entitled to damages under Part 11.E of the Compact because the State has permitted certain nontribal gaming specified in, and in violation of, Part 11.E.

(5) Defendant has failed to faithfully execute the State's laws as required by Article 6, Section 8, of the Oklahoma Constitution, by, at a minimum, contesting the unambiguous renewal provision of the Compact, which is codified in the State-Tribal Gaming Act.

(6) The Wichita Tribe is entitled to an award of costs and attorney's fees.

---

[1] 25 U.S.C. §§ 2701–2721.

[2] 3A O.S. §§ 261–282.

[3] Final Judgment, Sep. 23, 2020, ECF No. 157 ("… by operation of the unambiguous terms of Part 15(B) of the Compact[]").

[4] *See* note 3, *supra*.

Defendant has a counterclaim alleging that the Wichita Tribe failed to pay all exclusivity fees owed to the State under Part 11 of the Compact. On this point, the Wichita Tribe's position is:

    (1) Notwithstanding the Wichita Tribe's claims that it does not owe certain fees due to the State's violation of the Compact, the Wichita Tribe has paid and has continued to pay all fees presumably owed facially under Part 11.

    (2) Assuming the Wichita Tribe has not paid all fees initially owed to the State under Part 11, on its face, such fees may not be owed (and fees paid may be required to be reimbursed to the Wichita Tribe) given the State's violation of Part 11.

**J. Kevin Stitt, in his official capacity as the Governor of the State of Oklahoma, and *ex rel*. State of Oklahoma, as the real party in interest (collectively referred to as "Oklahoma")**

The Wichita Gaming Compact guarantees the Wichita Tribe the ability to operate Covered Games with limited competition from non-tribal entities, as set forth in accompanying legislation. In exchange for the "substantial exclusivity" provided for under the Wichita Gaming Compact and the state law, the Wichita Tribe agreed to pay fees to the State for the life of the Wichita Gaming Compact. The Wichita Tribe breached the Wichita Gaming Compact, and, upon information and belief, continue to breach the Compact, by failing to remit all substantial exclusivity fees owed to the State pursuant to Part 11.A of the Wichita Gaming Compact. These claims relate to, *inter alia*, alleged deficiencies in operation, accounting and payment of associated exclusivity fees associated with freeplay, voided tickets, expired tickets, and operation and classification of electronic gaming.

2.   **JURISDICTION**. State the basis on which the jurisdiction of the court is invoked and any presently known objections.

    The Court has jurisdiction under 28 U.S.C. §§ 1331[5] and 1362,[6] as well as 25 U.S.C. § 2710(d)(7)(A).[7]

3.   **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

---

[5] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[6] "The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe … wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States."

[7] "The United States district courts shall have jurisdiction over … any cause of action initiated by a State or Indian tribe to enjoin a class III gaming activity located on Indian lands and conducted in violation of any Tribal-State compact … ."

The parties agree on the following facts:

a. The Wichita Tribe is a federally recognized Indian tribe.

b. The Wichita Tribe and the State of Oklahoma are parties to a tribal-state gaming compact entered into in 2006 pursuant to the Indian Gaming Regulatory Act and the State-Tribal Gaming Act ("Compact").

c. The Compact renewed for a 15-year term on January 1, 2020, pursuant to this Court's Order of July 28, 2020 [Dkt. No. 149] and the corresponding judgment [Dkt. No. 157].

d. The Compact provides in Part 11.A:

> [S]o long as the state does not change its laws after the effective date of this Compact to permit the operation of any additional form of gaming by any such organization licensee, or change its laws to permit any additional electronic or machine gaming within Oklahoma, the tribe agrees to pay the following fees … .

e. The Compact provides in Part 11.E:

> In consideration for the covenants and agreements contained herein, the state agrees that it will not, during the term of this Compact, permit the nontribal operation of any machines or devices to play covered games or electronic or mechanical gaming devices otherwise presently prohibited by law within the state in excess of the number and outside of the designated locations authorized by the State-Tribal Gaming Act. The state recognizes the importance of this provision to the tribe and agrees, in the event of a breach of this provision by the state, … [t]he state … agrees to remit at least quarterly to eligible tribes, as liquidated damages, a sum equal to fifty percent (50%) of any increase in the entities' adjusted gross revenues following the addition of such excess machines.  For purposes of this Part, "eligible tribes" means those tribes which have entered into this Compact and are operating gaming pursuant to this Compact within forty-five (45) miles of an entity which is operating covered game machines in excess of the number authorized by, or outside of the location designated by, the State-Tribal Gaming Act.

f. The Compact provides in Part 13.B:

> Each party hereto agrees to defend the validity of this Compact and the legislation in which it is embodied.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES AND OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>: The Wichita Tribe seeks a declaration that the State violated the exclusivity provision of Part 11.A, and therefore, the Wichita Tribe is no longer required to continue payment of exclusivity fees under Part 11.A. The Wichita Tribe also seeks a permanent injunction prohibiting the State from violating Part 11.A. Additionally, the Wichita Tribe seeks an award of damages for fees paid since the State's violation.

   The Wichita Tribe also seeks a declaration that it is entitled to liquidated damages under Part 11.E of the Compact—again, for the State's violation of exclusivity.

   Finally, the Wichita Tribe seeks declarations that the State breached its obligation to defend the validity of the Compact under Part 13.B, and that Defendant failed to faithfully execute the State's laws under Article 6, Section 8, of the Oklahoma Constitution.

   The Wichita Tribe also seeks attorney's fees and costs.

   b. <u>Oklahoma</u>:

   1. Oklahoma incorporates the denials, contentions and allegations contained in its Answer and Counterclaim. [Dkt. No. 109].

   2. Declare the Wichita Tribe breached Part 11.A of the Wichita Gaming Compact by failing to remit all substantial exclusivity fees owed to the State, as well as any further relief available at law or in equity, including an accounting of the substantial exclusivity fees owed to the State;

   3. Award all costs and attorneys' fees incurred in connection herewith to Oklahoma; and

   4. Any and all further relief deemed just and equitable by the Court.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2402 or Fed. R. Civ. P. 5.1?

   ☐ Yes        ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   No motions are pending. The Wichita Tribe anticipates that it will file a motion to dismiss Defendant's counterclaim and a motion or motions for summary judgment as to the Wichita Tribe's claims. The Wichita Tribe requests a briefing schedule for its planned motion to dismiss, with a follow-up briefing schedule for its planned motion for summary judgment.

   As the amended complaint and answer thereto, and counterclaims and answer thereto have been filed, Oklahoma believes that the case is at issue and a motion to dismiss is not appropriate.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?   ☐ Yes   ☒ No
   If "no," by what date will they be made? February 1, 2021.

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conferences (Fed. R. Civ. P. 26(f)) was held on January 4, 2021.

   B. The parties anticipate that discovery should be completed within:

   Plaintiff states that discovery should not be necessary to resolve the parties' claims, but may be required to determine the proper amount of alleged damages, if awarded by the Court. With respect to the State's claim, it is the Wichita Tribe's position that discovery should not be permitted unless the Court denies the Wichita Tribe's motion to dismiss the State's counterclaim, and then only following the resolution of the Tribe's motion for summary judgment regarding claims under Part 11.A. The resolution of these motions should significantly narrow the scope of any potential discovery needed in connection with damage calculations or any issues not resolved by motion. Until then, any discovery regarding the State's claims would be premature. Accordingly, the Wichita Tribe asks for a briefing schedule for its planned motion to dismiss, with a follow-up briefing schedule for its planned motion for summary judgment.

   The State states that discovery is necessary for its claims, and limited discovery may be necessary for Plaintiff's claims. As noted above, Plaintiff has answered Oklahoma's counterclaims, thus Oklahoma believes that a motion to dismiss is not appropriate and any such requested motion practice should not delay discovery.

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

Discovery should not be necessary to resolve the parties' claims or prior to ADR.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☒ Yes    ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☒ Yes    ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. of Evid. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

Not applicable.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

Given that the underlying facts revolve around state action, which, for the most part, the records of which are publicly available, the Wichita Tribe believes no discovery should be necessary to resolve the substance of the parties' claims. With respect to the State's claim, it is the Wichita Tribe's position that discovery should not be permitted unless the Court denies the Wichita Tribe's motion to dismiss the State's counterclaim, and then only following the resolution of the Wichita Tribe's motion for summary judgment regarding claims under Part 11.A. The resolution of these motions should significantly narrow the scope of any potential discovery needed in connection with damage calculations or any issues not resolved by motion. Until then, any discovery on the State's claims would be premature. Accordingly, the Wichita Tribe asks that discovery be stayed until after the Court decides the substantive claims.

Oklahoma disagrees with the Wichita Tribe's position on discovery – at least as it relates to Oklahoma's claims. Discovery is needed for such claims, and

there is no basis to stay it. Oklahoma submits that limited discovery may also be necessary relating to Plaintiff's claims. The Wichita Tribe may choose to not conduct discovery on its claims as it deems appropriate, but such choice does not govern Oklahoma. Oklahoma does not believe a motion to dismiss is appropriate submits a standardized schedule is appropriate allowing 6-8 months for discovery.

9. **ESTIMATED TRIAL TIME**:

The Wichita Tribe does not believe a trial is necessary, but if ordered 2 day(s) or less. Defendants believe a trial will last 2 to 4 days.

For purposes of clarification, the Wichita Tribe does not demand a jury trial, as it believes all justiciable issues are purely legal in nature.

Oklahoma submits it is entitled to a jury trial in this breach of contract action.

10. **BIFURCATION REQUESTED**:   ☐ Yes   ☒ No

11. **POSSIBILITY OF SETTLEMENT**: ☐ Good   ☒ Fair   ☐ Poor

12. **SETTLEMENT AND PROCEDURES**:

    A. Compliance with LCvR16.1(a)(1) - ADR discussion:   ☒ Yes ☐ No

    B. The parties request that this case be referred to the following ADR process:

       ☐ Court-Ordered Mediation subject to LCvR16.3
       ☐ Judicial Settlement Conference
       ☒ Other <u>The parties are currently in discussions to address ADR and intend to pursue ADR privately.</u>
       ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?   ☐ Yes   ☒ No

14. Type of Scheduling Order Requested.   ☒ Standard ☒ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

    Given that the underlying facts revolve around state action, which, for the most part, the records of which are publicly available, the Wichita Tribe believes no discovery should be necessary to resolve the substance of the parties' claims. Accordingly, the Wichita Tribe asks that discovery be stayed. The Wichita Tribe further requests a briefing schedule for its planned motion to dismiss, with a follow-up briefing schedule for its planned motion for summary judgment.

Oklahoma disagrees with the Wichita Tribe's position on discovery – at least as it relates to Oklahoma's claims. Discovery is needed for such claims, and there is no basis to stay it. Oklahoma submits that limited discovery may also be necessary relating to Plaintiff's claims. The Wichita Tribe may choose to not conduct discovery on its claims as it deems appropriate, but such choice does not govern Oklahoma. Oklahoma does not believe a motion to dismiss is appropriate and submits a standardized schedule is appropriate allowing 6-8 months for discovery.

*Signatures follow on next page.*

Submitted this 4th day of January, 2021.

                HOBBS, STRAUS, DEAN & WALKER, LLP

                By:  /s/ Michael D. McMahan
                     William R. Norman, OBA No. 14919
                       *wnorman@hobbsstraus.com*
                     Kirke Kickingbird, OBA No. 5003
                       *kkickingbird@hobbsstraus.com*
                     Michael D. McMahan, OBA No. 17317
                       *mmcmahan@hobbsstraus.com*
                     W. Gregory Guedel, OBA No. 33317
                       *gguedel@hobbsstraus.com*
                     Zachary T. Stuart, OBA No. 32517
                       *zstuart@hobbsstraus.com*

                     101 Park Avenue, Suite 700
                     Oklahoma City, Oklahoma 73102
                     (405) 602-9425
                     (405) 602-9426 fax

                ATTORNEYS FOR INTERVENOR-PLAINTIFF
                WICHITA AND AFFILIATED TRIBES

                *s/ Phillip G. Whaley*
                Phillip G. Whaley, OBA No. 13371
                Daniel G. Webber, Jr., OBA No. 16332
                Patrick R. Pearce, Jr., OBA No. 18802
                Matthew C. Kane, OBA No. 19502
                **RYAN WHALEY**
                400 North Walnut Avenue
                Oklahoma City, OK  73104
                Telephone:  (405) 239-6040
                Facsimile:  (405) 239-6766
                pwhaley@ryanwhaley.com
                dwebber@ryanwhaley.com
                rpearce@ryanwhaley.com
                mkane@ryanwhaley.com

                *-and-*

Mark E. Burget, OBA No. 1326
Jeffrey C. Cartmell, OBA No. 31012
State of Oklahoma, Office of the Governor
2300 N. Lincoln Boulevard, Suite 212
Oklahoma City, OK  73105
Telephone:  (405) 521-2342
mark.burget@gov.ok.gov
jeffrey.cartmell@gov.ok.gov

**ATTORNEYS FOR J. KEVIN STITT,
AS GOVERNOR OF THE STATE OF OKLAHOMA,
AND *EX REL.* THE STATE OF OKLAHOMA**