IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) WICHITA AND AFFILIATED TRIBES, a federally recognized Indian tribe,<br><br>    Plaintiff,<br><br>    v.<br><br>(1) J. KEVIN STITT, in his official capacity as the Governor of the State of Oklahoma,<br><br>    Defendant. | No. CIV-19-1198-D |

**MOTION TO SUPPLEMENT THE RECORD OF SUMMARY JUDGMENT
BY PLAINTIFF WICHITA AND AFFILIATED TRIBES**

December 29, 2022

HOBBS, STRAUS, DEAN & WALKER, LLP

William R. Norman, OBA No. 14919
  *wnorman@hobbsstraus.com*
Kirke Kickingbird, OBA No. 5003
  *kkickingbird@hobbsstraus.com*
Michael D. McMahan, OBA No. 17317
  *mmcmahan@hobbsstraus.com*
100 E. California Ave., Suite 200
Oklahoma City, Oklahoma 73104
(405) 602-9425
(405) 602-9426 fax

ATTORNEYS FOR PLAINTIFF
WICHITA AND AFFILIATED TRIBES

## **RELIEF REQUESTED**

Plaintiff Wichita and Affiliated Tribes (Wichita, Keechi, Waco, and Tawakoni) ("Wichita Tribe"), pursuant to Fed. R. Civ. P. 56 and LCvR 7.1(k) and 56.1, files this Motion to Supplement the Record of Summary Judgment, as follows:

The Wichita Tribe submitted its Motion for Summary Judgment on October 29, 2021. The Court has not yet issued a ruling on the Wichita Tribe or the State of Oklahoma's motions for summary judgment filed herein on October 29, 2021.[1] Rule 56(e) gives the Court discretion to permit the Wichita Tribe to supplement the factual record of a summary judgment motion. Fed. R. Civ. P. 56(e); *Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010); *Joyce v. Postmaster Gen., U.S. Postal Serv.*, 846 F. Supp. 2d 268, 277 (D. Me. 2012); *Lab'y Skin Care, Inc. v. Ltd. Brands, Inc.*, 661 F. Supp. 2d 473, 477 (D. Del. 2009). The Wichita Tribe moves to submit the following additional documentary support to supplement its Statement of Material Facts included in its Motion for Summary Judgment. The Wichita Tribe believes these supplemental facts will aid the court in assessing the merits of the Wichita Tribe's Motion for Summary Judgment.

1. The Oklahoma Lottery mobile application allows a user to select numbers for the Oklahoma Mega Millions, Powerball, Lotto America, Lucky for Life, Pick 3 and Cash 5 lottery drawings. Once the user selects the numbers, the mobile application generates a barcode and directs the user to "Please scan this code at an Oklahoma Lottery Terminal." Once the participant buys the ticket, the Lottery Terminal then produces a lottery ticket. *See, e.g.*, Exhibit A.

2. The Oklahoma Lottery mobile application allows users to participate in the "Plus the Money" promotion. To participate in the promotion, users must sign up for an

---

[1] *See*, Doc. No. 182 and 183.

Oklahoma Lottery Players Club account. Once they have an account, the users can purchase Plus the Money tickets at lottery retailers, and then scan those tickets into the mobile application using the "Ticket Checker" function. The user is then entered into the promotion regardless of whether the ticket was a winning ticket. There is no limit on entries per player. *See* Exhibit B.

3. The Oklahoma Lottery mobile application allows users to utilize "Points" to participate in promotions. For example, the "A Gift for Him" promotion allows users to spend points for the chance to win a tool set. Users collect points by scanning scratch tickets into the mobile application. The user is awarded points that correspond with the purchase price of the scratch ticket. *See* Exhibit C.

4. Oklahoma Lottery Commission Executive Director Jay Finks stated at the Oklahoma Lottery Commission's December 6, 2022, meeting that the Commission has launched a new website, mobile app and Player's Club. LegisOK, Lottery Commission Meeting 12-6-2022, at 09:34, YOUTUBE (Dec. 6, 2022), https://perma.cc/4RZK-BGVK.

5. Oklahoma Lottery Commission Executive Director Jay Finks stated at the Oklahoma Lottery Commission's December 6, 2022, meeting that the Commission has launched a new mobile ticket checker that allows lottery players to check any ticket on the Oklahoma Lottery mobile application. *Id.*

6. Oklahoma Lottery Commission Executive Director Jay Finks stated at the Oklahoma Lottery Commission's December 6, 2022, meeting that that the Commission has launched a new mobile play slip that allows lottery players to select their numbers on the mobile application, take the bar code to a lottery retailer, and print out a physical play slip. *Id.*

7. Oklahoma Lottery Commission Executive Director Jay Finks said of the

mobile application's mobile play slip: "It's going to allow us to get rid of paper play slips." *Id.* at 10:19.

## JUSTIFICATION FOR MOTION

The Wichita Tribe submits the following justification for the granting of this Motion. The Tribe does not introduce any additional argument to the Summary Judgment record but wishes to give context to its request to submit this additional information to the record.

### I. The Oklahoma Lottery Commission modified its web application to allow users to participate in "lottery sponsored promotions."

As thoroughly outlined in the Wichita Tribe's Motion for Summary Judgment, in 2018, the State enacted House Bill 3538 ("H.B. 3538") (codified at 3A O.S. § 724.5), which permitted lottery play via the Internet through a web-based application (referred to in the statute as "Internet gambling":

> A. Entries submitted by lottery players to the Oklahoma Lottery Commission for **lottery-sponsored promotions** and second-chance drawing promotions offered by the Commission may be submitted using a web application provided or sponsored by the Commission. All entries for lottery-sponsored promotions and second-chance drawing promotions shall be legally obtained from the Commission in one of the following ways: 1. Purchase of lottery tickets from the Commission or a lottery retailer; 2. Receipt of an entry-eligible lottery ticket from the Commission or from a lottery retailer; or 3. Receipt of a promotional entry from the Commission or a lottery retailer.
>
> B. The process to submit entries to lottery-sponsored promotions and second-chance drawing promotions provided by subsection A of this section shall not be construed as illegal Internet gambling activities. If passage of this section of law is deemed by a court of law to allow any other form of Internet gambling activities in the state, then this section of law shall be rendered null and void.

H.B. 3538 (emphasis added). The bill authorizes (1) "lottery sponsored promotions"

and (2) "second-chance drawing promotions" to be submitted "using a web application" and declares that such Internet gambling activity is not illegal, though other forms of Internet gaming are not intended to be allowed thereunder.[2]

At the time of the Wichita Tribe's Motion, the Oklahoma Lottery Commission's ("Commission") exclusivity violations pursuant to H.B. 3538's authorizations were limited to accepting second-chance promotions through the Commission's mobile web application, though the bill authorizes the Commission to conduct all "lottery sponsored promotions." H.B. 3538.  The additional documentary support establishes that Commission has since updated its mobile application to allow players to participate in "lottery sponsored promotions."  This includes the ability to redeem points earned from scratch-off lottery ticket purchases and the ability to participate in scratch off promotions by scanning certain tickets into the application.

This documentary support is additional proof of the Wichita Tribe's claim that the State of Oklahoma violated the Wichita Tribe's exclusivity by the passage of H.B. 3538 because it further illustrates the activity that is authorized under the law.  Each new feature added to the Oklahoma Lottery mobile application supports the Wichita Tribe's conclusion that Oklahoma changed its laws to permit additional electronic or machine gaming within Oklahoma by the passage of H.B. 3538.  The Wichita Tribe noted for the Court in its Motion that the bill authorizes gaming by the submission of lottery entries using a web application and declares that such Internet gaming is not illegal.  *See* Plaintiff's Motion for Summary

---

[2] "Web" refers to the "World Wide Web," which is "[a]n Internet information-location system that allows electronic documents stored in different computers to be connected to other such documents by hypertext links so that users all over the globe may find and access the [electronic] documents." Black's Law Dictionary, World Wide Web (11th ed. 2019) (emphasis added).  The Internet itself is the public network spanning the globe connecting "computing devices," which are also electronic machines.  Black's Law Dictionary, Internet (11th ed. 2019).

Judgment (Doc. 183) at 24.

The Wichita Tribe could not have submitted these facts at the time of its filing because the Commission had not yet taken action to implement this additional electronic gaming to its lottery web application. However, the Wichita Tribe noted for the Court in its Motion that the Commission planned an expansion of "iLottery."[3] *See* Plaintiff's Motion for Summary Judgment (Doc. 183) at 24, fn. 30. The Commission's actions to expand the functionality of its mobile app, thus, directly relate to the arguments the Wichita Tribe raised in its Motion that the passage of H.B. 3538 violates the Wichita Tribe's exclusivity.

### II. The Oklahoma Lottery Commission has enabled its web application to allow users to select Powerball and other draw lottery numbers on their phones.

As outlined in Wichita Tribe's Motion for Summary Judgment, in 2016, the State approved S.Q. 792 to amend the Oklahoma Constitution to update its alcohol laws. In doing so, the State violated the Wichita Tribe's exclusivity by permitting additional electronic or machine gaming to be conducted by liquor stores, which were previously prohibited from engaging in any gaming activity. This opened the door for liquor stores to conduct electronic gaming activities through the use of the Commission's electronic self-service machines, thereby permitting additional electronic or machine gaming in violation of Part 11.A of the Compact.

Since the submission of the Wichita Tribe's Motion for Summary Judgment, the additional documentary support establishes that the Lottery Commission has updated its mobile web application to allow users to select numbers for the Oklahoma Mega Millions,

---

[3] Commission minutes reflect an intention to seek an expansion of the existing authorization from the Legislature, presumably to enable to the Commission to explore additional mobile and Internet-based gaming opportunities, all of which will doubtless violate the Wichita Tribe's exclusivity.

Powerball, Lotto America, Lucky for Life, Pick 3 and Cash 5 lottery drawings. Once the user selects the numbers, the mobile application generates a barcode and directs the user to "Please scan this code at an Oklahoma Lottery Terminal." Once the participant buys the ticket, the Lottery Terminal then produces a lottery ticket.

The Wichita Tribe noted in its Motion for Summary Judgment that the use of these electronic self-service machines was inherently electronic, in part, because players could receive the results of lottery drawings on their mobile devices and sign up for electronic mail and text alerts to have winning numbers sent to their mobile phones or emailed after each drawing. *See* Plaintiff's Motion for Summary Judgment (Doc. 183) at 31. The factual support submitted herein establishes that he Lottery Commission has added yet another electronic component to a player's interaction with the lottery kiosk, allowing the user to select the numbers on the phone, generate a bar code using the internet, and scan that barcode into the self-service kiosk. This is significant additional factual information from the Lottery Commission in support of the Wichita Tribe's argument that the passage of S.Q. 792 was a violation of the Wichita Tribe's exclusivity because Oklahoma changed its laws to permit any additional electronic or machine gaming within the state.

The Wichita Tribe could not have submitted these facts at the time of its filing because the Commission had not yet taken action to implement these additional features of electronic gaming to its lottery web application.

**CERTIFICATION OF CONFERENCE WITH OPPOSING COUNSEL**

Consistent with LCvR 7.1(k), the undersigned contacted opposing counsel regarding the filing of this motion and provided a draft copy hereof, to which no substantive revisions have been made. Opposing counsel advised that they take no position in regard to this motion.

## CONCLUSION

For the reasons stated above, the Wichita Tribe respectfully requests the Court to grant Plaintiff's Motion to Supplement the Record of Summary Judgment so the Court may take into consideration the recent expansion of electronic gaming in the Oklahoma Lottery mobile application in ruling on the Wichita Tribe's Motion for Summary Judgment.

Respectfully submitted,

December 29, 2022                    HOBBS, STRAUS, DEAN & WALKER, LLP


By:  */s/ Michael D. McMahan*
William R. Norman, OBA No. 14919
wnorman@hobbsstraus.com
Kirke Kickingbird, OBA No. 5003
*kkickingbird@hobbsstraus.com*
Michael D. McMahan, OBA No. 17317
*mmcmahan@hobbsstraus.com*
100 E. California Ave., Suite 200
Oklahoma City, Oklahoma 73104
(405) 602-9425
(405) 602-9426 fax

ATTORNEYS FOR PLAINTIFF
WICHITA AND AFFILIATED TRIBES

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2022, a true and correct copy of the above and foregoing with exhibits was served on counsel of record via the Court's ECF system.

                                            /s/ Michael D. McMahan
                                            Michael D. McMahan